IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JERRY DEWAYNE MARTIN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:14-CV-0432-CAR-MSH |
| | : | |
| Warden DONALD BARROW, et. al., | : | |
| | : | |
| Defendants | : | |

_____

**ORDER**

Plaintiff **JERRY DEWAYNE MARTIN**, a state inmate currently confined at Washington State Prison in Davisboro, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.   The Court has now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal; and Plaintiff's Motion for the Appointment of Counsel (Doc. 3) is **DENIED**.

I.    **Motion to Proceed *in forma pauperis***

Plaintiff has requested leave to proceed in this action without prepayment of the

1

filing fee.   See 28 U.S.C. § 1915.   Upon review of Plaintiff's pauper's affidavit and the allegations in his Complaint, Plaintiff's Motion will be **GRANTED**, but only for the purposes of dismissal.

## II.   Motion for Appointment of Counsel

Plaintiff has also requested that counsel be appointed to assist him in prosecuting this case.   Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff has filed a standard § 1983 *pro se* complaint.   The Court is now required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim.   This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstances" justifying appointment of counsel.   The facts stated in Plaintiff's Complaint are not complicated; and the law governing Plaintiff's claims is neither novel nor complex.   Plaintiff's Motion (Doc. 3) is accordingly **DENIED**.

III.    **Preliminary Review of Plaintiff's Complaint**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).   For those reasons stated herein, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**A.  Standard of Review**

When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   The plaintiff must also allege sufficient facts to

3

"raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. See id. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B.  Plaintiff's Complaint

The present action arises out of Plaintiff's criminal prosecution, confinement at Washington State Prison, and his post-conviction filings in the Superior Court of Murray County, Georgia.   The Complaint shows that Plaintiff was convicted on charges of aggravated child molestation in June of 2005 and that his conviction was thereafter affirmed on appeal.   Plaintiff contends, however, that his conviction is unlawful; and he thus filed a "motion to quash" his indictment in Murray County Superior Court in February of 2013, nearly eight years after his conviction and unsuccessful appeal. Plaintiff alleges that the state court judge, William Boyett, and the court clerk, Donna Flood, unreasonably delayed filing and ruling on this motion and others.   Plaintiff's motion to quash was then denied "with no finding of fact or conclusion of law."

Plaintiff apparently wished to appeal the denial of his post-conviction motion to quash.   However, his attempt was allegedly unsuccessful because the prison law library – also the place where Plaintiff received his indigent supplies – was closed at some point

during the thirty-day period in which the appeal was required to be filed.   Plaintiff was allegedly unable to get supplies during from August 7 until August 22, 2013.   He claims that periodic closing of the prison library is an unconstitutional attempt to save money.[1]

Plaintiff filed the present action against Judge Boyett, Donna Flood, and Warden David Barrow, under § 1983 for violations of his right to access the courts.

A.  Claim Against Judge Boyett

As a state judge, Defendant Boyett is absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the court.   Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.2000) (citations omitted).   Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff.   See id.   This is true even if the acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally erroneous or corrupt, or done pursuant to bribe or conspiracy.   See id.

Here, Plaintiff alleges that Judge Boyett erred in taking too long to consider and denying his motions.   Plaintiff's claims are thus related to the actions of Judge Boyett acting within his capacity as a superior court judge.   Absolute judicial immunity is an "obvious bar" to his claims.   Sibley v. Lando, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

---

1 Plaintiff also alleges that he is being denied "proper yard call." This cursory allegation is in sufficient to state a claim and is not linked to the conduct of a named defendant.   The Court also does not find this fact relevant to any of Plaintiff's other allegations.

5

To the extent Plaintiff is alleging that his conviction and confinement are unlawful, those claims also fail because a prisoner cannot challenge the fact or duration of his confinement in a § 1983 action.   See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

B.   Claims Against Donna Flood

As a court clerk, Defendant Flood, enjoys a "narrower ambit of immunity." Hyland v. Kolhage, 267 F. App'x 836, 842 (11th Cir. 2008).   Federal courts have held that "a court clerk who disobeys a court order, or exceeds his or her statutory authority by failing to file papers, loses the defense of absolute immunity" if the evidence suggests the clerk failed "to discharge a mandatory, nondiscretionary duty." Coleman v. Farnsworth, 90 F. App'x 313, n.5 (10th Cir. 2004) (citing McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972).   Yet, even if Defendant Flood is not entitled to absolute immunity and Plaintiff's allegations are true, his Complaint still fails to state a valid claim against her.

To state a claim for denial of access-to-the courts, a prisoner must show more than that his access to the courts was impeded by the defendant.   The defendant's conduct must have "caused [the prisoner] 'actual injury'—that is, 'actual prejudice . . . such as the inability to meet a filing deadline or to present a claim.'"   Lewis v. Casey, 518 U.S. 343, 351 (1996).   The prisoner must also demonstrate that this injury occurred in a specific type of non-frivolous case:   It must have occurred in the pursuit of either a direct or collateral attack on his sentence or a challenge to the conditions of his confinement.

6

Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998).

Here, Plaintiff fails to show how he suffered any injury as a result of Defendant Flood's alleged conduct.  According to the Complaint, the motions were eventually considered and ruled upon by Judge Boyett; and there is nothing in the Complaint which suggests that any motion was denied because of a delay in filing it.

Plaintiff's allegations also fail to show that the motion to quash his indictment, filed nearly eight years after his 2005 conviction and unsuccessful appeal, was a "non-frivolous filing."  The same is true to the extent Plaintiff has attempted to bring access-to-the-courts claims based on other "motions" filed in the Murray County Superior Court.   Plaintiff does not provide enough information about these motions to establish an actual injury.   See Bryant v. Ruvin, 477 F. App'x 605, 607 (11th Cir. 2012) (affirming dismissal where prisoner failed to provide sufficient information for court to determine if underlying claim was frivolous).   See also Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.), cert. denied, 535 U.S. 1037 (2002).

The Court additionally finds that Plaintiff's self-serving, conclusory allegations about a retaliatory motive are not sufficient to show that the delayed filings were intentional, and not merely negligent.   Evidence of negligent conduct will not support an access-to-the courts claim.   See also Tucker v. I'Jama, 361 F. App'x 405, 407–08 (3rd Cir. 2010) (holding that clerk was at most negligent "which is an insufficient basis for

7

liability on a denial of access claim under 42 U.S.C. § 1983").

    C. <u>Claims Against Warden Donald Barrow</u>

Although named as a party in the caption of the Complaint, Plaintiff does not make any allegations against Warden Barrow.   Warden Barrow may not be held liable for the actions of his subordinates under § 1983 based on the theory of respondeat superior or vicarious liability.   To state a claim against a prison warden, Plaintiff must allege facts showing either that the warden personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the warden and the alleged constitutional deprivation.   <u>See</u> <u>H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080, 1086-87 (11th Cir. 1986).   Plaintiff does not make such allegations.

Yet, even if Plaintiff could establish that the prison library was closed due to some cost-savings policy implemented by Warden Barrow, an access-to-the-courts claim against him still fails.   Again, Plaintiff does not allege sufficient facts to show that this was a non-frivolous appeal.   <u>See</u> <u>Bryant</u>, 477 F. App'x at 607.   The Complaint also only specifically alleges that Plaintiff was unable to "access indigent supplies" from August 7 to August 22, 2013, <u>see</u> Compl. at 10.   Plaintiff does not allege why he was unable to prepare his notice of appeal during the time in the thirty-day period when the prison library was not closed.   Plaintiff has thus failed to show how Warden Barrow's periodic closing of the library caused him an actual injury.

8

**IV.**    <u>**Conclusion**</u>

Plaintiff has therefore failed to state a claim upon which relief may be granted; and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal; and his Motion for the Appointment of Counsel (Doc. 3) is **DENIED.**

**SO ORDERED** this 5th day of January, 2015.

<u>S/   C. Ashley Royal</u>
C. ASHLEY ROYAL, Judge
UNITED STATES DISTRICT COURT

jlr

9